# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM J. VARELLAS,<br><br>                Petitioner,<br>v.<br><br>S. JULIAN,<br><br>                Respondent. | Case No. 16-CV-1440-JPS<br><br>**ORDER** |

On October 27, 2016, William J. Varellas ("Varellas") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court sentence was imposed in violation of the Constitution and common law. (Docket #1). In the mid-1980s, Varellas killed Mr. Sanford Gross, after forcing Gross to sign various checks to Varellas under duress. (Docket #1-1 at 60). Varellas committed these crimes in association with two others. *Id.* In 1984, before the body of the victim was found, Varellas was charged and convicted of a conspiracy to kidnap Gross in the federal court for the Western District of Michigan. *Id.* at 170. In 1991, after Gross' body was found in Racine County, the State of Wisconsin obtained a conviction of Varellas for first degree murder and imposed a life sentence consecutive to his existing federal sentence. *Id.* at 58, 60. Varellas' petition alleges that the Wisconsin sentence was imposed in violation of the Fifth and Fourteenth Amendment and the "merger" doctrine. (Docket #1 at 5).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and

those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The Court begins its Rule 4 review by examining the timeliness of Varellas' petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Varellas' petition is timely. From the face of the petition, it appears that Varellas' conviction became final 90 days after his direct appeal concluded, on January 26, 1994. (Docket #1 at 2). On direct appeal, he did not file a petition for certiorari to the Wisconsin or United States Supreme Court. *See id.* at 2-3. Thus, Varellas had 365 days from April 26, 1994, to file his habeas petition. *See Ray*, 700 F.3d at 1003. It was not filed until December 4, 2014, and so appears far out of time. However, such a delay is permissible under Wisconsin law. The applicable statute, Wis. Stat. § 974.06, allows such a motion to be filed at any time without limitation. Varellas appealed his post-conviction motion through the Wisconsin courts. (Docket #1 at 3-4). The United States Supreme Court denied review of Varellas' post-conviction motion on October 3, 2016. *Id.* at 5. The complaint therefore appears timely.

Varellas' claim may nevertheless be invalid. Review of the Wisconsin state court opinions attached to the petition reveals that Varellas' post-conviction motion was denied by citation to *Wisconsin v. Escalona-Naranjo*, 517 N.W.2d 157 (1994); *see, e.g.,* (Docket #1-1 at 13-15). Thus, it appears Varellas' claim is likely procedurally defaulted as having been denied on the basis of *Escalona-Naranjo* and/or Varellas' re-hashing of previously-rejected arguments. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). If the respondent establishes procedural default, then the Court will not be able to consider Varellas' claims unless he establishes cause-and-prejudice or that a fundamental miscarriage of justice will result from the Court not hearing his claims. "A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) (citing *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Schlup v. Delo*, 513 U.S. 298, 315 (1995)). Thus, if the respondent raises a procedural-default argument, Varellas should respond to the merits of that argument and also attempt to establish either cause-and-prejudice or a fundamental miscarriage of justice.

Because the application of procedural default is not absolutely clear, the Court will allow the petition to proceeding past the screening stage. Respondent may raise and support any desired defenses and Varellas will be permitted to respond. It is also possible that Varellas simply does not state a claim for relief. All of these issues are for the respondent to consider in responding to Varellas' petition.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by petitioner.

    c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b. The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Page 4 of 5

Case 2:16-cv-01440-NJ   Filed 12/14/16   Page 4 of 5   Document 3

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 5 of 5
Case 2:16-cv-01440-NJ   Filed 12/14/16   Page 5 of 5   Document 3